**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIK VAN WALDEN, | DOCKET NUMBER |
| Appellant, | SF-844E-18-0014-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: March 12, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erik Van Walden, Olympia, Washington, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) denying his application for disability retirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the reason for finding certain medical evidence unpersuasive, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed as a GS-13 Program Support Officer with the Department of Agriculture's U.S. Forest Service. Initial Appeal File (IAF), Tab 5 at 44, 81. He resigned from Federal service effective September 19, 2015, due to "medical reasons." *Id.* at 70-73, 81. On April 12, 2016, he filed an application for a disability retirement annuity under the Federal Employees' Retirement System (FERS). *Id.* at 74-80. In his Applicant's Statement of Disability, he described his conditions as post-traumatic stress disorder, major depression, mitral valve prolapse, blood pressure, syncope, dysautonomia, mixed personal traits, and back injury. *Id.* at 42.

On January 11, 2017, OPM issued an initial decision denying the appellant's disability retirement application. *Id.* at 23-29. The appellant then requested reconsideration, which OPM denied. *Id.* at 4-8. OPM concluded that the submitted medical evidence failed to establish a disabling medical condition. *Id.* at 4, 6. The appellant timely filed an appeal with the Board. IAF, Tab 1. He did not request a hearing. *Id.* at 2.

Based on the written record, the administrative judge affirmed OPM's final decision, finding that the appellant did not prove his entitlement to disability retirement under FERS. IAF, Tab 17, Initial Decision (ID). The administrative judge found that the appellant showed that he filed an application for FERS disability retirement within the required timeframe; he had completed 18 months of civilian service creditable under FERS; his medical condition, generally, was expected to last for at least 1 year; and he had not declined a reasonable offer of reassignment to a vacant, funded position at the same grade or pay level. ID at 17-18. However, he then found that the appellant failed to establish by preponderant evidence that, one, while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there was no such deficiency, the disabling medical condition was incompatible with either useful and efficient service or remaining in the position; and two, accommodation of his medical conditions in the position he held was unreasonable. ID at 18.

The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant argues that the administrative judge improperly weighed the medical evidence and that the evidence in support of his claim for disability retirement is strong and unrefuted. *Id.* at 25-26. The appellant also requests anonymity to protect his right to privacy. *Id.* at 27-29. The agency has not filed a response to the appellant's petition.[2]

---

[2] To the extent that the appellant's pleadings suggest he lacks the capacity to pursue his appeal on his own, we find no need to provide *French* procedures. IAF, Tab 11 at 17, Tab 14 at 8; PFR File, Tab 1 at 29, Tab 4 at 4; *see French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987) (requiring the Board to develop procedures to address situations in which an incompetent appellant is proceeding without assistance "to ensure the presence of a competent conservator or attorney if possible"). The appellant received below, and continues to receive on review, the assistance of an attorney. IAF, Tab 11 at 17, 28, Tab 14 at 8; PFR File, Tab 4 at 4. Although this individual is not the appellant's designated representative, he has provided substantial and competent assistance. Thus, we determine that the appellant is not entirely pro se such that Board intervention would be required. *See Moses v. Office of Personnel Management*, 80 M.S.P.R. 535, 538 (1998) (explaining that the Board's

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's motion for anonymity is denied.</u>

The Board has not adopted a rigid, mechanical test for determining whether to grant anonymity, but instead applies certain general principles in making such determinations. *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 10 (2006). Those factors include whether identification creates a risk of retaliatory physical or mental harm, whether anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature, or whether the anonymous party is compelled to admit his intention to engage in illegal acts, thereby risking criminal prosecution. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007). The Board also considers whether anonymity is necessary to prevent a clearly unwarranted invasion of the privacy of a third party or whether anonymity is necessary to preserve the appellant's physical safety. *Id.* Other potentially relevant factors include whether the appellant requested anonymity at the commencement of the proceeding before the Board or immediately after the need for anonymity became apparent, and which party placed the sensitive matter in question at issue in the appeal. *Id.*

A party seeking anonymity must overcome the presumption that parties' identities are public information. *Id.*, ¶ 11. Anonymity should be granted to litigants before the Board only in unusual circumstances, and the determination whether to grant anonymity must depend on the particular facts of each case. *Id.* A litigant seeking anonymity before the Board must present evidence establishing that harm is likely, not merely possible, if his name is disclosed. *Id.* Even when some harm is likely, the Board grants anonymity only if the likelihood and extent of harm to the appellant significantly outweighs the public interest in the disclosure of the parties' identities. *Id.*

Here, the appellant has requested anonymity to preserve the privacy of his medical information. PFR File, Tab 1 at 27-28. In considering the

---

obligations under *French* exist only when the appellant is "entirely pro se").

aforementioned factors, we find that the appellant filed the disability retirement application at issue in the instant appeal, thus placing his medical condition at issue. *See Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 (2012) (granting the appellant's request for anonymity when the agency's actions at issue resulted from improperly requiring the appellant to undergo a fitness for duty medical examination, and thus, the agency placed her sensitive medical information at issue); IAF, Tab 5 at 74-80. In addition, the appellant did not request anonymity at the commencement of the proceeding before the Board but waited until filing his petition for review. *See Pinegar*, 105 M.S.P.R. 677, ¶ 10. Moreover, in requesting anonymity, the appellant has offered nothing more than an allegation that he has an "implicit right to privacy," he has not explained why "harm is likely," and he has not offered any evidence to support his allegation. PFR File, Tab 1 at 27-29. While it is understandable that the appellant wishes to preserve his privacy, he has failed to rebut the presumption that the parties' identities are public information in Board cases. *See Pinegar*, 105 M.S.P.R. 677, ¶ 19 (explaining that medical conditions arise in many Board cases, and absent information about the appellant's condition that would cause extreme embarrassment or exposure to public ridicule, does not warrant anonymity). Therefore, we deny the appellant's motion requesting anonymity.

The appellant failed to show by preponderant evidence that he qualifies for disability retirement.

In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence.[3] *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual

---

[3] Contrary to the appellant's assertions on review, OPM's failure to present medical evidence contrary to that presented by the appellant is a factor for consideration but does not automatically establish that the appellant has met his burden. PFR File, Tab 1 at 9; *see Bridges v. Office of Personnel Management*, 21 M.S.P.R. 716, 719 (1984).

must have completed at least 18 months of creditable civilian service; (2) the individual, while employed in a position subject to FERS, must have become disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a), (c); *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. § 844.103(a).

As the administrative judge observed, there is no dispute that the appellant completed 18 months of creditable civilian service and that some of his medical conditions had continued, or would be expected to continue, for more than a year after his application for disability retirement. ID at 17. The administrative judge also found that the appellant established that he had not declined a reasonable offer of reassignment to a vacant position. ID at 17-18. Thus, as noted by the administrative judge, the only issues in this appeal relate to the appellant's medical condition and its effects on his ability to perform in his former position, i.e., eligibility criteria (2) and (4).[4] ID at 18.

We agree with the administrative judge's finding that the appellant did not show that his medical conditions resulted in a deficiency in performance, conduct, or attendance. ID at 21. As thoroughly summarized by the administrative judge, the appellant submitted medical documentation to support his application for disability retirement. ID at 2-15; IAF, Tab 5 at 9-22, 42-69, Tab 11 at 19-29. However, he noted that the only possible performance, conduct,

_____

[4] On review, the appellant argues that his medical condition was expected to last for at least a year and that he was never offered reassignment. PFR File, Tab 1 at 22-24. Because the administrative judge found in favor of the appellant on requirements (3) and (5), which relate to these arguments, they provide no basis to grant review.

or attendance deficiency identified in the appellant's disability retirement application pertained to his attendance, which appeared to be as a result of his resignation. ID at 21; IAF, Tab 5 at 44-45. The appellant's supervisor submitted a statement in connection with the appellant's disability retirement application. IAF, Tab 5 at 44-45. He indicated that the appellant had no performance or conduct deficiencies prior to his resignation. *Id.* As for the appellant's attendance, he indicated it was not unacceptable but that the appellant was no longer coming to work due to his "voluntary resignation for medical reasons effective 9/19/15." *Id.* at 45.

On review, the appellant argues that his attendance issues began before his resignation. PFR File, Tab 1 at 16-17. He alleges that, due to his June 2015 syncopal episode, he was absent from his position until his resignation in September 2015. *Id.* at 5 n.3, 12-13, 17. He also suggests that he has a history of medically related attendance problems, as detailed in a letter from a psychiatrist which indicates he received a cautionary letter in November 2013. *Id.* at 16-17. However, because attendance issues standing alone do not establish entitlement to disability retirement under FERS without some corroborating evidence showing impaired performance of duties, the administrative judge correctly found that the appellant failed to establish this element. *See Harris v. Office of Personnel Management*, 110 M.S.P.R. 249, ¶ 17 (2008); *Wilkey-Marzin v. Office of Personnel Management*, 82 M.S.P.R. 200, ¶ 11 (1999) (explaining that an absence without a reasoned explanation of how an appellant's medical condition precluded her from performing her duties cannot alone support a finding of disability).

Because the appellant's disabilities did not result in a deficiency in his performance, conduct, or attendance in his former position, the relevant question is whether the appellant's medical condition is incompatible with either useful and efficient service or retention in his former position. *See Henderson*, 109 M.S.P.R. 529, ¶ 11. The administrative judge found that the appellant failed

to establish by preponderant evidence a disabling medical condition that was incompatible with useful and efficient service or retention in his former position. ID at 25. In reaching this determination, he evaluated the medical evidence and found that the three medical opinions provided by the appellant in support of his claim were unpersuasive. ID at 22-24.

On review, the appellant claims that the administrative judge applied an erroneous legal standard in assessing the medical opinions, in violation of *Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034 (Fed. Cir. 2007). PFR File, Tab 1 at 9-10, 25-26. The appellant claims that he met his burden because all three health care providers stated that he was "completely disabled—unable to return to work in any capacity" without contradiction by OPM, *id.* at 21, and that he is not required to prove a link between his disabilities and an inability to perform his job duties, *id.* at 25 n.45. He also alleges that, contrary to the administrative judge's finding, his health care provider who has a bachelor of medicine, bachelor of surgery (MBBS) degree is qualified and had sufficient opportunity to observe the appellant. *Id.* at 15, 21-22. However, as discussed below, we find that the administrative judge correctly weighed the evidence to find that the appellant did not show that his medical conditions were incompatible with either useful and efficient service or retention in his position. ID at 25.

To establish an inability to render useful and efficient service, the appellant must show that his medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012) (articulating this standard in the context of an application for disability retirement under the Civil Service Retirement System); *see Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the holding in *Henderson* applies to FERS disability retirement appeals). A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective

evidence of pain and disability, and evidence showing the effect of the individual's condition on his ability to perform the duties of his position. *Henderson,* 117 M.S.P.R. 313, ¶ 19. The U.S. Court of Appeals for the Federal Circuit concluded in *Vanieken-Ryals,* 508 F.3d at 1042, that it is a legal error for OPM or the Board "to reject submitted medical evidence as entitled to no probative weight at all solely because it lacks so-called 'objective' measures such as laboratory tests." Pursuant to *Vanieken-Ryals,* OPM and the Board may give limited weight to medical evidence "in the face of factors such as doubts about professional competence, contrary medical evidence, failure of the professional to consider relevant factors, lack of particularity in relating diagnosis to nature and extent of disability, etc." 508 F.3d at 1042. In assessing the probative value of medical opinions, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the treatment of the appellant. *Slater v. Department of Homeland Security,* 108 M.S.P.R. 419, ¶ 15 (2008), *overruled on other grounds by Haas v. Department of Homeland Security,* 2022 MSPB 36, ¶ 14. When, as here, the health care providers did not testify, the probative value of their reports depends on the circumstances of the case. *Id.* (citing *Borninkhof v. Department of Justice,* 5 M.S.P.R. 77, 83-87 (1981)).

Here, the administrative judge thoroughly analyzed the medical opinions of the appellant's three health care providers but ultimately found that the reports had little probative value. ID at 22-24; IAF, Tab 5 at 14-15, 46-50, 67, Tab 11 at 19-29. First, the administrative judge found that the medical opinion of the appellant's health care provider with an MBBS degree was unpersuasive due to the lapse in time between the appellant's resignation in September 2015 and the provider's two examinations of the appellant in August 2016 and December 2017, of which each report largely consisted of his review of the appellant's medical

records rather than his familiarity with the treatment of the appellant himself. ID at 22. Contrary to the appellant's argument, it was appropriate for the administrative judge to assess the extent and duration of the provider's familiarity with the appellant and to observe that the record lacked information on the provider's qualifications. PFR File, Tab 1 at 15, 21-22; ID at 22; *see Slater*, 108 M.S.P.R. 419, ¶ 15. The appellant also argues that the administrative judge improperly required this and other health care providers to link the appellant's medical conditions with his specific job duties. PFR File, Tab 1 at 25 n.45. We agree.

Nothing in the law mandates that a single provider tie all pertinent evidence together. *Henderson*, 117 M.S.P.R. 313, ¶ 19. Further, an appellant is not required to show that he cannot perform in his position and may prove disability by showing he cannot work in any job. *Vanieken-Ryals*, 508 F.3d at 1043; *Henderson*, 117 M.S.P.R. 313, ¶ 19. Thus, the administrative judge's reliance on the lack of evidence tying the appellant's specific job duties to his medical condition was improper. ID at 22. Nonetheless, we agree with his finding that the reports of the appellant's provider with an MBBS degree are entitled to little weight because his qualifications to diagnose and treat medical conditions are unclear. The appellant's assertion on review that this provider is a "specialist in family medicine and a full professor at the Fiji National University's School of Medicine" does not address these concerns. PFR File, Tab 1 at 15. We also find that the probative value of this provider's reports is limited because it is unclear that the provider did, in fact, examine the appellant at all. Specifically, he stated only that the appellant "presented" himself in August 2016. IAF, Tab 5 at 14. Further, his December 2017 report does not suggest that he examined the appellant. IAF, Tab 11 at 19-21. Absent any evidence that this provider was either qualified to diagnose the appellant or even examined him, we cannot give his report any weight.

Similarly, we agree with the administrative judge's finding that the medical opinion of a psychiatrist certified in psychosomatic medicine, IAF Tab 5 at 46-50, Tab 11 at 25-29, was unpersuasive due to her lack of familiarity with and treatment of the appellant, as she personally interacted with the appellant only twice in 2015 and reviewed largely unproduced medical records and discovery responses drafted by the appellant. *See Slater*, 108 M.S.P.R. 419, ¶ 15; ID at 23-24. The administrative judge concluded that her opinion lacked reasoned explanations. ID at 24. We agree. Although the appellant argues on review that this psychiatrist treated him for 2 years, he does not dispute that the only treatment she provided was two appointments in 2015. PFR File, Tab 1 at 22.

Finally, the administrative judge analyzed the medical reports from another treating psychiatrist, IAF, Tab 5 at 67, Tab 11 at 22-24, but found them inconsistent and improbable. ID at 24. Specifically, that psychiatrist's July 2015 medical opinion, closest in proximity to a June 2015 syncopal episode that the appellant suffered while working, simply states that the syncope was caused by job-related stress. IAF, Tab 5 at 67. As noted by the administrative judge, it was not until the December 2017 medical opinion that this psychiatrist stated that the appellant was unable to perform his job without risking harm to himself or others due to high levels of stress, post-traumatic stress disorder, and depression. IAF, Tab 11 at 24; ID at 24. However, this assessment did not provide a reasoned explanation of his findings, was inconsistent with his prior report, and was over 2 years removed from his treatment of the appellant. *See Slater*, 108 M.S.P.R. 419, ¶ 15; *Borninkhof*, 5 M.S.P.R. at 87 (observing that one of the relevant factors in assessing the weight to be accorded to hearsay evidence is its consistency with other evidence in the record).

Thus, despite all three health care providers arriving at the same conclusion, we agree with the administrative judge's determination that their reports were ultimately unpersuasive. ID at 24-25. Accordingly, we agree with

the administrative judge that the appellant is not eligible for disability retirement under FERS.[5]

The appellant's additional claims on review fail to provide a reason to disturb the initial decision.

The appellant alleges that the administrative judge "gave an appearance of bias" when he *sua sponte* suspended appeal processing for 21 days.[6]  PFR File, Tab 1 at 10 n.26; IAF, Tab 12.  He also disputes some of the administrative judge's factual findings as demonstrating bias.  PFR File, Tab 1 at 18, 20.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Administrative judges have wide discretion to control the proceedings before them, and dismissing an appeal without prejudice is a procedural option committed to their sound discretion.  *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 4 (1999).  We decline to infer bias on the administrative judge's decision to suspend the case or his other case-related rulings.  *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013).

---

[5] Because a disability retirement applicant must establish that he meets all of the eligibility requirements, and the appellant failed to establish that he was unable, because of his medical conditions, to render useful and efficient service in his former position, we need not consider whether he established the other eligibility requirements, i.e., whether accommodation of the disabling medical condition in the position held was unreasonable.  Thus, we do not address the appellant's arguments on review as to this criterion.  PFR File, Tab 1 at 12-13, 17-20, 23.

[6] On review, the appellant also frames this issue as the administrative judge improperly extending the deadline for OPM to submit its close of record submission.  PFR File, Tab 1 at 10 n.26.  However, the order at issue suspended case processing for *both* parties.  IAF, Tab 12.  Furthermore, both OPM and the appellant submitted their close of record submissions on December 22, 2017, IAF, Tabs 10, 11, while the administrative judge issued his order on December 26, 2017, IAF, Tab 12.  Thus, this argument does not provide a basis for review.

Additionally, the appellant contends that the administrative judge improperly denied his motion to compel discovery. PFR File, Tab 1 at 10 n.26. The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 9 (2008). The appellant specifically argues that OPM failed to explain its reasoning as to how his disabilities could be accommodated, as requested in the appellant's interrogatories nos. 1-3. PFR File, Tab 1 at 10 n.26; IAF Tab 7 at 14-15, 18. We agree with the administrative judge that interrogatory no. 2, which asked OPM whether it was accusing the appellant's former employing agency of submitting false or incorrect information when it certified he could not be accommodated, was not relevant to this appeal or reasonably calculated to lead to the discovery of admissible evidence. IAF, Tab 9 at 2, Tab 7 at 14; *see Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 10 (2013) (explaining that relevant information, in the context of discovery, includes information that appears reasonably calculated to lead to the discovery of admissible evidence). As to interrogatories nos. 1 and 3, which asked OPM to explain whether it disagreed with the employing agency's determination that accommodations were not possible and to detail what accommodation was possible for each identified condition, we agree with the administrative judge that OPM's response, referring the appellant to its initial and reconsideration decisions, was sufficient. IAF, Tab 9 at 1-2, Tab 7 at 14-15.

In any event, the decision in this appeal does not turn on whether the appellant could be accommodated, and the administrative judge's refusal to compel responses to interrogatories on this topic does not affect the outcome here. Thus, having reviewed the appellant's arguments on review, we find that the administrative judge did not abuse his discretion in denying the motion to compel.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.